JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  +1 650 614 7400
Facsimile:  +1 650 614 7401

MELANIE PHILLIPS (STATE BAR NO. 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA  98104-7097
Telephone:  (206) 839-4300
Facsimile:  (206) 839-4301

Attorneys for Defendants,
ROBINHOOD CRYPTO, LLC; ROBINHOOD FINANCIAL LLC, AND ROBINHOOD MARKETS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIVIAN TECSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD CRYPTO, LLC, a Delaware limited liability company; ROBINHOOD FINANCIAL LLC, a Delaware Limited liability company; ROBINHOOD MARKETS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332(D), 1441, 1446, and 1453** |

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, Defendants Robinhood Markets, Inc., Robinhood Crypto, LLC, and Robinhood Financial, LLC (collectively, "Robinhood" or "Defendants"), contemporaneously with the filing of this Notice, hereby effect removal of the below-referenced action from the Superior Court in the State of California for the County of Santa Clara to the United States District Court for the Northern District of California. The removal is based on the following grounds:

## **BACKGROUND**

1. On February 20, 2018, Plaintiff Vivian Tecson, on behalf of herself and all others similarly situated, filed a complaint in the Superior Court of California for the County Santa Clara, entitled *Vivian Tecson, individually and on behalf of all others similarly situated, v. Robinhood Crypto, LLC, a Delaware limited liability company; Robinhood Financial LLC, a Delaware limited liability company; Robinhood Markets, Inc., a Delaware corporation; and DOES 1 through 10, inclusive*, Case No. 18CV323584 (the "Complaint"). Plaintiff alleges that she and the members of the putative class she purports to represent, received an unsolicited text message from Defendants on her cellular telephone. Compl. ¶¶ 13-19. Plaintiff alleges that Defendants maintained a database of cellular telephone numbers and sent the alleged text message through the use of automated equipment capable of dialing numbers stored in that database. Compl. ¶¶ 13-19. The Complaint asserts a single cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Attached hereto as Exhibit A is a copy of the Complaint, along with the summons and other papers issued with the Complaint.

2. On March 5, 2018, the Santa Clara County Court issued an Order Deeming Case Complex and Staying Discovery. On March 12, 2018, the Santa Clara County Court issued a Notice of Order Deeming Case Complex and Staying Discovery. Attached hereto as Exhibit B is a copy of the Notice of Order Deeming Case Complex and Staying Discovery, along with a copy of the Order Deeming Case Complex and Staying Discovery.

3. The Santa Clara County Court held a case management conference on June 22,

2018, and the parties advised the court regarding the status of the case.

## TIMELINESS

4. The summons and Complaint were served on Defendants on March 5, 2018. The Complaint asserts a cause of action under federal law, and is thus subject to be removed on federal question grounds under 28 U.S.C. § 1331. Although the thirty-day period for Defendants to remove on federal question grounds has passed, counsel for Defendants have conferred with counsel for Plaintiff and Plaintiff believes that the untimeliness of removal on federal question grounds is moot in light of removability under the Class Action Fairness Act of 2005 ("CAFA") as set forth below. *See* Declaration of Jacob Heath ("Heath Decl.") ¶ 2. Removal is permissible because "[t]he time limits for removal specified in 28 U.S.C. § 1446(b) are procedural rather than jurisdictional." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017).

5. Even if Plaintiff were to object to the timeliness of removal under § 1331, Defendants may still timely remove on alternative grounds pursuant to § 1332 and the Class Action Fairness Act ("CAFA"). *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (holding that removal under CAFA two years after initial complaint was filed was timely, even though defendant previously had alternative basis to remove under section 1331 for alleged violations of a federal statute at the beginning of the action and did not do so, because grounds for removal under CAFA was an alternative ground for removal and did not appear until later).

6. Here Defendants' removal under CAFA is timely. A defendant generally must remove an action within the thirty-day periods described in 28 U.S.C. §§ 1446(b)(1) and (b)(3), but only if those periods are triggered by information revealed on the face of the complaint. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013); *see also Kuxhausen v. BMW Financial Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). If the complaint does not reveal on its face a sufficient amount in controversy to support jurisdiction under CAFA, the thirty-day periods in 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered, and defendant is permitted to remove outside of the thirty-day windows on the basis of its own information. *See Roth,* 720 F.3d at 1125 (stating "[w]e conclude that §§ 1441 and 1446, read together, permit a

1  defendant to remove outside the two thirty-day periods on the basis of its own information,
2  provided that it has not run afoul of either of the thirty-day deadlines" and holding removal was
3  timely because the complaint was "indeterminate" as to the amount in controversy and had not
4  triggered the thirty-day removal window).

5        7.      The Complaint here does not on its face demonstrate that there is a sufficient
6  amount in controversy to support jurisdiction under CAFA, and thus did not trigger any thirty-
7  day removal window. *Roth*, 720 F.3d at 1125. Over the past several months, Defendants
8  conducted a factual investigation and determined that there was sufficient basis to remove under
9  CAFA. Defendants present that basis here and offer sufficient information showing that the
10 amount in controversy exceeds $5,000,000, to effect timely removal this action.

## FEDERAL QUESTION JURISDICTION

12       8.      This action is a civil action of which this Court has original jurisdiction under 28
13 U.S.C. § 1331. It may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a),
14 because Plaintiff's cause of action—"Violation of the TCPA"—arises under 47 U.S.C. § 227, the
15 Telephone Consumer Protection Act. Federal courts plainly have federal question jurisdiction
16 over Telephone Consumer Protection Act claims. *See, e.g.*, *Mims v. Arrow Financial Servs.,*
17 *LLC*, 565 U.S. 368, 386-87 (2012).

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

19       9.      On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was
20 enacted. In relevant part, CAFA grants federal district courts original jurisdiction over civil class
21 action lawsuits with more than 100 proposed class members filed under federal or state law in
22 which any member of a class of plaintiffs is a citizen of a state different from any defendant and
23 where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C.
24 §§ 1332(d)(2), (5). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §
25 1446. 28 U.S.C. § 1453.

26       10.     The United States Supreme Court has made clear that there is no antiremoval
27 presumption for removals under CAFA. *See Nationstar Mortg. LLC*, 781 F.3d at 1183 ("the
28 Supreme Court has left no doubt 'that no antiremoval presumption attends cases involving

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL
ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332(D),
1441, 1446, AND 1453)

1  CAFA.'").

2  11.     This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to 28 U.S.C. §§ 1446 and 1453, because this is a putative civil class action wherein: (1) at least one putative class member is a citizen of a state different from any defendant; (2) no Defendant is a state, state official, or other governmental entity; (3) the aggregate amount in controversy of all of the putative class members' claims exceeds $5,000,000; and (4) the proposed class contains at least 100 members.

*CAFA's Minimal Diversity Requirement Is Satisfied*

12.     CAFA's minimal diversity requirement is satisfied when at least one member of a proposed class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Any potential "Doe" defendants are to be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

13.     For purposes of diversity jurisdiction, a corporation is a citizen of the State in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters…" *Hertz v. Friend*, 559 U.S. 77, 93 (2010).

14.     Here, Robinhood Markets, Inc. is a citizen of Delaware because it was incorporated in Delaware. Declaration of Abhishek Fatehpuria ("Fatehpuria Decl.") ¶ 3. Further, Robinhood Markets, Inc.'s principal place of business is in Menlo Park, California, because Robinhood Markets, Inc.'s headquarters is in California, from which Robinhood Markets, Inc.'s executive officers direct, control, and coordinate Robinhood Markets, Inc.'s activities. Fatehpuria Decl. ¶¶ 3-4. Robinhood Markets, Inc. is thus also a citizen of California for diversity jurisdiction purposes.

15.     Robinhood Financial, LLC and Robinhood Crypto, LLC are both citizens of Delaware and California. An LLC is a citizen of every state of which its owners/members are

1   citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).
2   Robinhood Crypto, LLC's sole member is Robinhood Markets, Inc., and Robinhood Financial,
3   LLC's sole member is Robinhood Markets, Inc.  Fatehpuria Decl. ¶ 5.  Because Robinhood
4   Markets, Inc. is a citizen of Delaware and California, Robinhood Financial, LLC and Robinhood
5   Crypto, LLC are both citizens of Delaware and California.

6   16.   An individual is a citizen of the state in which she is domiciled. *See Lew v. Moss*,
7   797 F.2d 747, 749 (9th Cir. 1986). "A person is 'domiciled' in a location where he or she has
8   established a 'fixed habitation or abode in a particular place, and [intends] to remain there
9   permanently or indefinitely.'" *Id.* at 749-50. Relevant factors in determining a person's
10  domicile include: "current residence, voting registration and voting practices, location of
11  personal and real property, location of brokerage and bank accounts, location of spouse and
12  family, membership in unions and other organizations, place of employment or business, driver's
13  license and automobile registration, and payment of taxes." *Id.* at 750.

14  17.   Plaintiff seeks to represent a ***nationwide*** class of persons defined as follows: "All
15  persons through the United States who, since four years prior to the filing of the within
16  Complaint, received at least one text message on their respective cellular telephones transmitted
17  by, or on behalf of, any of the Defendants." Compl. ¶ 19.  Indeed, Defendants' registered users
18  are spread across the United States and are not limited, geographically, in who they may send
19  referral text messages to. Fatehpuria Decl. ¶ 15.  Text messages may thus be sent to individuals
20  across the country. *Id*.  Because Plaintiff seeks to represent a nationwide class and does not limit
21  the proposed class to only citizens of California and Delaware, it is plain that "at least one
22  member" of the proposed class is diverse from any Defendant. *See, e.g.*, *Swearingen v. Yucatan
23  Foods, L.P.*, 24 F. Supp. 3d 889, 895 (N.D. Cal.), *modified on reconsideration on other grounds*,
24  59 F. Supp. 3d 961 (N.D. Cal. 2014) (holding that assertion of claims on behalf of a proposed
25  class of consumers "throughout the United States, including class members from states other
26  than Delaware or California" where Defendant was a citizen of Delaware and California, was
27  "sufficient to establish a prima facie case for minimal diversity jurisdiction under CAFA"); *see
28  also Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 483 (E.D. Pa. 2016) (noting that "the

Complaint itself states that members of the proposed plaintiff class are 'consumers throughout the United States'" and concluding therefore "at least one member of the putative class is diverse from Defendant," who was a citizen of Pennsylvania).

18. Notwithstanding that Plaintiff's assertion of claims on behalf of a nationwide class of individuals is sufficient here to establish minimal diversity, to assuage any doubt, Defendants submit evidence regarding the Florida citizenship of one member of the proposed class—David Parris. Mr. Parris retained Florida counsel and sent a letter to Robinhood, alleging that he received an unsolicited text message on his cell phone (that has a 305 area code) similar to the one received by Plaintiff Tecson during the putative class period. Fatehpuria Decl. ¶ 16. Defendants identified records showing that Mr. Parris appears to reside in Florida, owns property in Florida, and is registered to vote in Florida. Heath Decl. ¶ 3. Taken together with his Florida phone number and retention of Florida counsel, all factors indicate that he is domiciled in Florida. As a citizen of Florida, he is diverse from any Defendant, and minimal diversity is established. 28 U.S.C. § 1332(d)(2).

### *No Defendant Is a State, State Official, or Governmental Entity*

19. Robinhood Markets, Inc., Robinhood Financial, LLC, and Robinhood Crypto, LLC are not states, state officials, or other governmental entities for purposes of the bar to removal under 28 U.S.C. § 1332(d)(5)(A).

### *Amount In Controversy Easily Exceeds $5,000,000*

20. To remove a case to a federal court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see* 28 U.S.C. § 1446(a). The removal statute, 28. U.S.C. section 1446, is designed to afford removal papers the same liberal "pleading" standard applied to pleadings. *Dart Cherokee*, 135 S. Ct. at 553. Accordingly, a defendant need not prove the requisite amount in controversy to a legal certainty. *Id*. at 554. "Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*.

21. If uncontested, the defendant's amount-in-controversy allegation must be accepted. *Id*. Where contested, a defendant need only demonstrate by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 553-54; *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). To determine the amount-in-controversy question, the Court must look beyond the Complaint and aggregate the value of the claim for each person who falls within Plaintiff's class definitions. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013); *Rodriguez*, 728 F.3d 975, 981.

22. Here, pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks an award of $500 in statutory damages for each and every text message that she and the proposed class members received. Compl. ¶ 30. Plaintiff further alleges that she and class members are entitled to treble damages. Compl. ¶ 30. Although Defendants deny liability for any of the alleged text messages, much less liability for treble damages, for purposes of removal "the ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original). The $5,000,000 amount in controversy threshold is thus met here if the alleged number of text messages sent exceed 3,334 (3,334 x $500 x 3 for treble damages = $5,001,000.)

23. Plaintiff's Complaint seeks damages for text messages sent over the past four years. Defendants' records show that over the past 30 days, the native messaging application text message screen to send the alleged referral text message at issue has been pulled up over 10,000 times by the Robinhood App. Fatehpuria Decl. ¶ 12. This indicates registered users initiated the process to send a referral text message over 10,000 times over the last 30 days. Although Defendants cannot track how many of these proposed text messages were actually completed and sent (*Id.* ¶ 13), using the last 30 days the amount in controversy would be over $5,000,000. (10,000 x 500 x 3 = $9,000,000). Extrapolating that analysis back to August 2017 when the Referral Program first became operational, there is little doubt that the $5,000,000 CAFA threshold is met.

24. Defendants' records also show that 1.3 million individuals have signed up

through the Referral Program.  If just 1% of those individuals signed up through the Referral Program, it would account for approximately 13,000 messages and an amount in controversy well over the $5,000,000 CAFA threshold.  (13,000 x 500 x 3 = $19,500,000).

25. Therefore, the potential total amount of monetary relief claimed by Plaintiff through the Complaint exceeds $5,000,000.

### *There Are At Least 100 Proposed Class Members*

26. Again, based on the calculations above, Defendants estimate that more than 100 individuals would have received text messages through the Referral Program.  Fatehpuria Decl. ¶¶ 12, 14.

### **VENUE**

27. Venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§ 1441, 1446(a); 1391(b)(1); and 84(a).  This Action was originally brought in the Superior Court of the State of California, County of Santa Clara.  Therefore, pursuant to 28 U.S.C. § 1441(a) this action must be removed to the Northern District of this Court.

### **NOTICE OF REMOVAL**

28. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record, Michael J. Jaurigue, Abigail A. Zelenski, and David Zelenski. In addition, a copy of the Notice of Removal will be filed with the Clerk of the Court for Santa Clara County Superior Court.

29. In compliance with 28 U.S.C. § 1446(a), a copy of the state-court papers served herein is attached to this Notice as Exhibit C.

WHEREFORE, Defendants pray that this Action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

Dated: August 23, 2018

JACOB M. HEATH
MELANIE PHILLIPS
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
JACOB M. HEATH

Attorneys for Defendants,
ROBINHOOD CRYPTO, LLC;
ROBINHOOD FINANCIAL LLC, AND
ROBINHOOD MARKETS, INC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4127-5536-4374

- 9 -

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL
ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332(D),
1441, 1446, AND 1453)