# EXHIBIT A

| | SUM-100 |
|---|---|
| # SUMMONS<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ROBINHOOD CRYPTO, LLC, a Delaware limited liability company; ROBINHOOD FINANCIAL LLC, a Delaware limited liability company; ROBINHOOD MARKETS, INC., a Delaware corporation; and DOES 1 through 10, inclusive<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>VIVIAN TECSON, individually and on behalf of all others similarly situated | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br>E-FILED<br>2/20/2018 8:51 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>18CV323584<br>Reviewed By: R. Walker |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Santa Clara Superior Court, Downtown Superior Courthouse, 191 North First Street, San Jose, California 95113

CASE NUMBER: *(Número del Caso):* 18CV323584

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jaurigue Law Group, 300 West Glenoaks Boulevard, Glendale, California 91202, tel. (818) 630-7280

DATE: 2/20/2018 8:51 AM     Clerk of Court     Clerk, by     R. Walker     , Deputy
*(Fecha)*                                    *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Robinhood Crypto, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* CCP 17701.16 (limited liability company)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
2/20/2018 8:51 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV323584
Reviewed By: R. Walker

Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Abigail A. Zelenski (SBN 228610)
  abigail@jlglawyers.com
David Zelenski (SBN 231768)
  david@jlglawyers.com
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697

*Attorneys for Plaintiff Vivian Tecson*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## SANTA CLARA COUNTY

| | |
|---|---|
| VIVIAN TECSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD CRYPTO, LLC, a Delaware limited liability company; ROBINHOOD FINANCIAL LLC, a Delaware limited liability company; ROBINHOOD MARKETS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **18CV323584**<br><br>**CLASS-ACTION COMPLAINT**<br><br>Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

*INTRODUCTION*

1. Plaintiff Vivan Tecson brings this class action on behalf of herself and all others similarly situated against Defendants Robinhood Crypto, LLC ("RC"), a Delaware limited liability company; Robinhood Financial LLC ("RF"), a Delaware limited liability company; Robinhood Markets, Inc. ("RM"), a Delaware corporation; and Does 1 through 10, inclusive, pursuant to section 382 of the California Code of Civil Procedure.

2. As alleged below, Defendants have violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through their unauthorized contact of consumers on the consumers' respective cellular telephones. Specifically, Defendants have violated the TCPA by sending unsolicited text messages without prior express written consent, invading the consumers' right to privacy.

3. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for Defendants' violations.

*JURISDICTION AND VENUE*

4. *Jurisdiction.* Federal and state courts have concurrent jurisdiction over suits arising under the TCPA. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012). This Court therefore has subject-matter jurisdiction over Plaintiff's cause of action. Furthermore, this Court has personal jurisdiction over Defendants because, as alleged below, they have purposefully availed themselves of the resources and protections of California, and they conduct business and have systematic contacts within the County of Los Angeles, State of California.

5. *Venue.* As alleged more particularly below, venue is proper in the County of Santa Clara because the events, omissions, or injuries giving rise to Plaintiff's cause of action against Defendants occurred within the County of Santa Clara, State of California, and because Defendants' principal place of business is within the County of Santa Clara.

*PARTIES*

6. Plaintiff is, and at all times relevant to this action was, a California resident of the County of Los Angeles. She is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant RC is a

Delaware limited liability company with a principal place of business located in Santa Clara County at 3200 Ash Street, Palo Alto, California 94306. Plaintiff is further informed and believes, and based thereon alleges, that RC is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant RF is a Delaware limited liability company with a principal place of business located in Santa Clara County at 3200 Ash Street, Palo Alto, California 94306. Plaintiff is further informed and believes, and based thereon alleges, that RF is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant RM is a Delaware corporation with a principal place of business located in Santa Clara County at 3200 Ash Street, Palo Alto, California 94306. Plaintiff is further informed and believes, and based thereon alleges, that RM is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

10. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 10, and she therefore sues them under those fictitious names pursuant to section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and based thereon alleges, that each of the acts and omissions alleged herein was performed by, or is attributable to, RC, RF, RM, and Does 1 through 10, with each acting as the agent for the others, with each having the legal authority to act on the others' behalves, and with each ratifying every act or omission complained of herein. Plaintiff is further informed and believes, and based thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts and omissions of the other Defendants in proximately causing the damages alleged. Similarly, Plaintiff is informed and believes, and based thereon alleges, that the acts and omissions of each Defendant were in accordance with, and represent, the official policy and practice of all Defendants. Plaintiff will amend the Complaint to allege the true names and capacities of Does 1 through 10 when such names and capacities have been ascertained.

***GENERAL ALLEGATIONS***

11. According to RM's website, "Robinhood Financial LLC and Robinhood Crypto, LLC are wholly-owned subsidiaries of Robinhood Markets, Inc. Equities and options are offered to self-directed

customers by Robinhood Financial. . . . Cryptocurrency trading is offered through an account with Robinhood Crypto." See RM, https://support.robinhood.com/hc/en-us (last visited Feb. 13, 2018). In other words, RF and RC—both of which are owned by RM—offer trading services to consumers, with "traditional" stock trading handled through RF, and with cryptocurrency trading handled through RC. Plaintiff is informed and believes, and based thereon alleges, that these services are facilitated through RM's website and/or mobile-device application, or "app." In other words, Plaintiff is informed and believes, and based thereon alleges, that RM, RF, and RC's customers trade stocks or cryptocurrencies online using RM's website or app.

12. For example, the iTunes webpage for RM's app—where the "Robinhood" app can be downloaded—states that customers can "[i]nvest in cryptocurrencies, stocks, ETFs and options side by side, all commission-free and . . . in one app." See Apple, Inc., https://itunes.apple.com/us/app/robinhood-investing-no-fees/id938003185?planform=iphone&preserveScrollPosition=true#platform/iphone (last visited Feb. 13, 2018). The Google Play webpage for the Robinhood app—where the app also can be downloaded—contains an identical statement. See https://play.google.com/store/apps/details?id=com.robinhood.android&hl=en (last visited Feb. 13, 2018). Both app-store webpages also state: "Once you sign up for early access, you can move up the list by inviting a friend to open a Robinhood Financial account. You'll both also get a free stock like Apple, Ford or Sprint." See Apple, Inc., https://itunes.apple.com/us/app/robinhood-investing-no-fees/id938003185?platform=iphone&preserveScrollPosition=true#platform/iphone (last visited Feb. 13, 2018); https://play.google.com/store/apps/details?id=com.robinhood.android&hl=en (last visited Feb. 13, 2018).

13. On or about January 28, 2018, Plaintiff received the following unsolicited text message from Defendants on her cellular telephone (telephone number (818) --- – 0869): "Sign up for Robinhood to invest in Bitcoin and stocks, and we'll both get a free stock like Apple, Ford, or Sprint!" The text message included a link to download the Robinhood app. As is apparent from the content of the message, the message was sent without an emergency purpose; instead; by promoting RM, RH, and RC's investment services, as well as the app itself, the text message constitutes telemarketing or advertising.

14. Plaintiff had never given any signed authorization to anyone expressly permitting

Defendants, or anyone acting on any of their respective behalves, to use her cellular-telephone number for telemarketing or advertising purposes. Indeed, Plaintiff has never traded any stocks or cryptocurrencies through RM, RH, or RC; has never otherwise been a customer of RM, RH, or RC; has never visited RM's website; and has never used the Robinhood app.

15. The (818) area-code prefix for Plaintiff's cellular-telephone number is linked to a subscription plan under which she is charged each month for cellular-telephone and data services.

16. Plaintiff is informed and believes, and based thereon alleges, that the text message referenced in paragraph 13 was sent by Defendants, and that Defendants controlled and were responsible for both the content and delivery of the messages; alternatively, the message was sent by at least one of the Defendants acting at the direction of the other Defendants to send the message or to conduct promotional activities, with the other Defendants' full knowledge and consent, and to the benefit of all Defendants.

17. Plaintiff is informed and believes, and based thereon alleges, that her cellular-telephone number—along with thousands of other cellular-telephone numbers—was entered into, and stored in, a database maintained by Defendants, and that Defendants sent her the above-alleged text message by accessing that database through the use of automated equipment capable of dialing the numbers that had been entered into, and stored in, that database.

18. Plaintiff is informed and believes, and based thereon alleges, that Defendants, working together pursuant to the arrangement alleged in paragraph 16, sent the above-referenced text message, as well as thousands of similar text messages, *en masse* to the cellular telephones of members of the general public using the equipment referenced in paragraph 17. In addition, Plaintiff is informed and believes, and based thereon alleges, that the above-alleged text message that Plaintiff received—which does not identify any specific recipient by name and which is impersonal in nature—was transmitted to thousands of individuals. Plaintiff is further informed and believes, and based thereon alleges, that all of the text messages sent by Defendants were sent even though Defendants had never obtained signed authorizations from anyone expressly permitting the transmission of advertising or telemarketing messages.

/ / / / /

## CLASS-ACTION ALLEGATIONS

19.     Plaintiff seeks to represent the following Class under section 382 of the Code of Civil Procedure: All persons through the United States who, since four years prior to the filing of the within Complaint, received at least one text message on their respective cellular telephones transmitted by, or on behalf of, any of the Defendants. Plaintiff reserves the right to amend or modify the proposed Class, or to propose subclasses or limitations to particular issues, in response to facts later ascertained.

20.     *Numerosity*. The identities of Class Members may be ascertained from Defendants' own business and marketing records, as well as the records of Defendants' telephone provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that thousands of text messages were sent to well-over the forty individuals required for numerosity purposes. Also, as explained below, the amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

21.     *Commonality*. There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual Class Members. These common questions include, without limitation:

a)      Whether the text messages constitute telemarketing or advertising within the meaning of the TCPA and its regulations;

b)      Whether the equipment used to send the text messages constitutes an automatic telephone dialing system within the meaning of the TCPA and its regulations;

c)      Whether prior express written consent was required under the TCPA before sending any of the text messages; and

d)      Whether the outright failure to obtain prior express written consent to receive the messages constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

22.     *Typicality*. Plaintiff's claims are typical of those of the Class because she received at least one telemarketing or advertising text message on her cellular telephone from Defendants within the last four years, she never provided written prior express written consent to receive the message, and the message was sent using the same equipment used to send text messages to all Class Members on their

5
CLASS-ACTION COMPL.

respective cellular telephones.

23. *Adequacy*. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is not aware of any conflicts with Class Members, and she plans on pursuing the litigation vigorously. She also has the same interests as those of the Class, and has retained counsel who are competent and experienced in class-action litigation. In addition, Plaintiff has been actively involved in the litigation, she will continue to participate and be available for the duration of the litigation, and she understand the duties that she holds to the Class.

24. *Superiority*. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendants. Additionally, the judicial system would be burdened with multiple trials of the same issues, and the potential for inconsistent or contradictory judgments would increase. The common questions detailed above, in fact, predominate in this action, as Class Members' claims arise out of the same course of conduct to which Plaintiff herself was subject. A class action therefore would conserve the resources of the parties and the Court while protecting the rights of Class Members. Defendants' conduct as described above is unlawful, continuing, capable of repetition, and will continue unless restrained and enjoined by the Court. Moreover, it is a matter of public interest to obtain definitive answers to the legality of Defendants' actions in a single case.

### FIRST CAUSE OF ACTION

*Violation of the TCPA*

*47 U.S.C. § 227*

25. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

26. The United States Congress enacted the TCPA in order to balance individual privacy rights with legitimate telemarketing practices. In enacting this statute, Congress found:

/ / / / /

6
CLASS-ACTION COMPL.

> (1) The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.
>
> . . . .
>
> (10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> (11) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.
>
> (12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

TCPA of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

27. The TCPA specifically prohibits automated calls or messages to consumers' cellular-telephone numbers without first obtaining the express consent or permission of the consumers:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States[,] (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1). A text message is a "call" within the meaning of the TCPA. E.g., Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

28. Under the relevant regulation, effective October 16, 2013, "prior express consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior express *written* consent" for all telemarketing or advertising messages. 47 C.F.R. § 64.1200(a)(2) (emphasis supplied). Such consent must be signed by the consumer; disclose that the consumer authorizes the entity on whose behalf the message is sent to deliver, or cause to be delivered, telemarketing messages by way of an automatic telephone dialing system; and disclose that the consumer is not required to provide consent as a condition of purchasing any goods or services. Id. § 64.1200(f)(8).

29. The foregoing acts and omissions of Defendants constitute a direct violation of the TCPA. Defendants were and are aware of the TCPA and its requirements, and, on information and

belief, intentionally violated the law in an effort to maximize the reach of their program. Defendants' violations therefore were willful.

30. The TCPA establishes a private right of action for sending unauthorized messages to consumers:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every text message that they received. Moreover, because Defendants willfully and knowingly violated the TCPA as alleged above, Plaintiff and Class Members are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and Class Members are entitled to injunctive relief.

/ / / / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. An order certifying the Class under California Code of Civil Procedure section 382;

2. Judgment in favor of Plaintiff and Class Members for the period of time since four years prior to the filing of the Complaint, for statutory treble damages against Defendants, as well as for injunctive relief;

3. An award of pre-judgment and post-judgment interest, to the extent allowable by law;

4. An award of attorney's fees and costs of suit, to the extent allowable by law; and

5. Such further relief as the Court deems fit and proper.

Dated: February 16, 2018

JAURIGUE LAW GROUP

*David Zelenski*

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury as to all claims for relief.

Dated: February 16, 2018

JAURIGUE LAW GROUP

*David Zelenski*

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
*Attorneys for Plaintiff*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br>Michael J. Jaurigue (SBN 208123), David Zelenski (SBN 231768) <br>JAURIGUE LAW GROUP <br>300 West Glenoaks Boulevard, Suite 300 <br>Glendale, California 91202 <br>TELEPHONE NO.: (818) 630-7280    FAX NO.: (888) 879-1697 <br>ATTORNEY FOR (Name): Plaintiff Vivian Tecson | FOR COURT USE ONLY <br><br>E-FILED <br>2/20/2018 8:51 AM <br>Clerk of Court <br>Superior Court of CA, <br>County of Santa Clara <br>18CV323584 <br>Reviewed By: R. Walker <br>Envelope:1232985 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Courthouse

CASE NAME: Tecson v. Robinhood Crypto, LLC

| CIVIL CASE COVER SHEET <br>[✓] Unlimited  [ ] Limited <br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Complex Case Designation <br>[ ] Counter  [ ] Joinder <br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br>18CV323584 <br>JUDGE: <br>DEPT: |
|---|---|---|

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 1--Violation of the Telephone Consumer Protection Act, 47 U.S.C. §
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 16, 2018

David Zelenski
(TYPE OR PRINT NAME)               ▶               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What Is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

Envelope: 1259526

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**  CASE NUMBER: **18CV323584**
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

| READ THIS ENTIRE FORM |

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
> 1. You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scscuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

| Your Case Management Judge is: **Hon. Thomas E. Kuhnle** | Department: **5** |

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: **6/22/2018**   Time: **10:00 am**   in Department **5**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____   Time: _____   in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.